UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY B. MOFFETT                                    CIVIL ACTION

VERSUS                                             NO. 13-536

SUN LIFE ASSURANCE COMPANY OF CANADA               SECTION "B"(4)

### ORDER AND REASONS

### Cause of Action and Facts of Case

This case arises out of Defendant Sun Life Assurance Company of Canada's denial of Plaintiff Mary Moffett's claim for disability insurance benefits. Plaintiff was employed at LaSalle General Hospital, and covered by a group plan issued by Defendant. Plaintiff submitted a claim of total disability in her occupation to Defendant on January 29, 2009. Specifically, Plaintiff claimed she suffered from a heart condition, lung problems, an immune deficiency, fatigue, chronic hot flashes, back pain, and endocrine issues - among several more specific illnesses. Defendant denied her claim on September 1, 2009.

### Nature of Instant Motions and Relief Sought

Plaintiff has submitted a Motion for Partial Summary Judgement, asking the Court to find that the instant case is governed by Louisiana law - rather than federal ERISA law. (Rec. Doc. No. 9-1). Defendant's have not filed an opposition to this motion.

Defendant has filed its own Motion for Summary Judgement,

1

asking the Court to dismiss Plaintiff's claims on the basis that they are time-barred. (Rec. Doc. No. 10). Plaintiff has opposed this motion. (Rec. Doc. Nos. 14, 20).

Accordingly, and for the reasons enumerated below **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgement (Rec. Doc. No. 9) is **GRANTED. IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgement (Rec. Doc. No. 10) is **DENIED**.

## Law and Analysis

### I. Summary Judgement

Summary judgment is proper if the record evidence shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he issue of material fact required by Rule 56 to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party

2

asserting its existence; rather, all that is required is that
sufficient evidence supporting the claimed factual dispute be
shown to require a jury or judge to resolve the parties'
differing versions of the truth at trial." *First National Bank of
Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).

## II. Plaintiff's Motion for Partial Summary Judgement

Plaintiff's Motion for Partial Summary Judgement asks the
Court to determine the correct law governing this case. Plaintiff
submits that this case is controlled by Louisiana state law,
rather than federal ERISA law. (Rec. Doc. No. 9-1 at 1).
Plaintiff reasons that ERISA, which ordinarily preempts state law
concerning employee benefit plans, excludes from its coverage
plans maintained for the employees of state governmental agency.
(*Id.*) (citing 29 U.S.C. § 1003). Defendant has filed no
opposition to this motion. In Defendant's own Motion for Summary
Judgement it concedes that state law applies. *See* (Rec. Doc. No.
10) ("Louisiana substantive law governs the present dispute.").
Thus, Plaintiff's motion is treated as unopposed, and granted.

Although state law applies, the Court maintains subject
matter jurisdiction over the case because Plaintiff has alleged
that the parties are diverse and the amount in controversy
exceeds $75,000 exclusive of interest and costs. *See* (Rec. Doc.
No. 1 at ¶25). The Court therefore moves to consideration of
Defendant's Motion for Summary Judgement.

**III. Defendant's Motion for Summary Judgement**

Defendant's Motion for Summary Judgement asks the Court to dismiss Plaintiff's suit in its entirety, arguing it is time-barred. Defendant's insurance policy, issued to Plaintiff, limits when a covered person may institute formal legal action outside of the claims process.[1] Specifically, the policy states that:

> No legal action may start:
> 1. until 60 days after Proof of Claim has been given; nor
> 2. more than 3 years after the time Proof of Claim is required.

(Rec. Doc. No. 10-1 at Sec. VI, pg. 26)

The Proof of Claim requirement states that:

> [P]roof of claim must be given to Sun life no later than 90 days after the end of the Elimination Period.
>
> If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. Proof of claim may not be given later than one year after the time proof is otherwise required unless the individual is legally incompetent.

(Rec. Doc. No. 10-1 at Sec. VII, pg. 28)

The Elimination Period referenced in the Proof of Claim section is the "period of continuous days of Total or Partial Disability for which no LTD Benefit is payable. The Elimination Period . . . begins on the first day of Total or Partial Disability." (Rec. Doc. No. 10-1 at Sec. VII, pg. 28).

To summarize, the date by which a claimant may file legal

---

[1] Plaintiff concedes that such limitations, at least as they relate to timeliness, are lawful. (Rec. Doc. No. 14 at 2).

action is measured three years after the date Proof of Claim is due, which in turn depends on when the Elimination Period ends, which in turn depends on the date when the disability began. Given this complex and contingent structure - where the ultimate time period for legal action is predicated on three variable dates - it is no surprise that the Parties disagree on the date Plaintiff's legal claim was due. The Court finds there is material dispute as to when the claim was due - including reasonable debate over when Plaintiff became disabled, and whether Plaintiff complied with Proof of Claim dates. Each of these determinations present obvious questions of fact that the Court is incapable of deciding at the summary judgement stage. *See Stoddard v. UNUM Life Ins. Co. of Am.*, 1995 WL 520048 at *2 (E.D. La. Aug. 30, 1995) (denying summary judgement where beginning date of disability presented issue of fact).

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgement (Rec. Doc. No. 9) is **GRANTED. IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgement (Rec. Doc. No. 10) is **DENIED.**

New Orleans, Louisiana, this 7th day of January, 2014.

UNITED STATES DISTRICT JUDGE