UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY B. MOFFETT** | **CIVIL ACTION** |
| **VERSUS** | **NO:      13-0536** |
| **SUN LIFE ASSURANCE COMPANY OF CANADA** | **SECTION: "B" (4)** |

**ORDER**

Before the Court is Plaintiff, Mary Moffett's ("Moffett") **Motion to Compel (R. Doc. 32)**, seeking to have the Court compel defendant, Sun Life Assurance Company of Canada ("Sun Life") to respond to Moffett's request for production of documents, which were propounded on January 9, 2014. *Id.* The motion is opposed. *See* R. Doc. 38. It was heard by oral argument on Wednesday, July 30, 2014.

**I.      Background:**

Moffett, a former employee of Women's Hospital Foundation, an entity created by LaSalle General Hospital, instituted this action due to the denial of disability benefits under her Sun Life disability policy. *See* R. Doc. 1, p. 1. Specifically, Moffett alleges that she was wrongfully denied disability benefits under her Sun Life policy, even though her medical condition precludes her from continuing to perform her job duties on a full-time basis, and because she is disabled. *Id.* at 1, ¶ 8. As such, Moffett brought the instant action, alleging that she is disabled, entitled to benefits, and that Sun Life violated the terms of "ERISA" pursuant to 29 U.S.C. §1104(a)(1). *Id.* at ¶¶ 7, 9.

As to the instant motion, Moffett seeks an Order from this Court to compel Sun Life to

respond to the request for productions she propounded on January 9, 2014. *See* R. Doc. 32, p. 1. Specifically, Moffett seeks this Court to compel Sun Life to produce audio recordings between her and Sun Life's claims personnel. *Id.*

## II.     Standard of Review:

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A).  Rule 34 further "permit(s) entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." *Id.* at 34(a)(2). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will

be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B).

**III.   Analysis**:

Moffett seeks an Order from this Court compelling Sun Life to produce audio recordings between she and Sun Life's claims personnel, which she allegedly requested via request for productions she propounded on January 9, 2014. *See* R. Doc. 32, p. 1. Specifically, Moffett contends that on March 28, 2014, Sun Life responded to her request for production of documents and interrogatories. *See* R. Doc. 32-2, p. 1. However, Moffett argues that Sun Life objected to producing documents after a conversation with its counsel, where Sun Life's counsel indicated that he would limit the production of all telephone recordings between Moffett and the claims personnel. *Id.*

Moffett contends that these recordings are relevant to the instant action, as these recordings will help provide evidence as to her physical and mental capabilities during the administrative review of her claim for benefits. *Id.* at 1. Moffett further argues that these recordings would also help her argument that her claims are not prescribed due to the lack of her ability to provide proof of her claim and the complexity of her medical history. *Id.* at 1-2. Thus, Moffett seeks this Court compel Sun Life to produce the recordings.

In opposition, Sun Life contends that the recordings Moffett seeks do not exist. *See* R. Doc. 38, p. 1. In support of this argument, Sun Life has attached the affidavit of Darren Meyers, a Customer Experience Specialist Manager of Sun Life, who testifies that Sun Life's Portsmouth office do not have evidence of any of calls regarding Moffett's claims on April 22, 2013. *See* R. Doc. 38-1, p. 1. Thus, Sun Life contends that it cannot produce recordings which it does not have. As such, Sun Life contends that Moffett's motion be denied.

A party may inspect: "any tangible things which constitute or contain matters within the

scope of Rule 26(b). . ." *See* Fed.R.Civ.P. 34(a); *see e.g., Broussard Bros., Inc.,* No. 03-1428, 2004 WL 1375303, at *1 (E.D. La. June 18, 2004). Rule 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *See* Fed.R.Civ.P. 26(b)(1).

During oral argument, counsel for the Moffett argued that he and counsel for Sun Life each called the Portsmouth office, and during both calls, a recording on the call indicated that the call *may* be recorded for quality assurance purposes. Thus, counsel for Moffett asked that if the recordings cannot be produced, then he sought for Sun Life to produce the corporate records and / or retention program that pertains to the company policy on phone calls, which was not his original request.

In response, counsel for Sun Life reiterated the argument he raised in his motion, representing that the particular claims office where Moffett called, does not record phone calls. He also cited to the affidavit of a manager of the Portsmouth Office, which provided that long term disability claims, which is Moffett's claims, were never recorded in this office.

After considering the arguments of the parties, the Court finds that because the claims office Moffett contact in Portsmouth did not record long term disability phone calls, Moffett's request must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff, Moffett's **Motion to Compel (R. Doc. 32)** is **DENIED**.

New Orleans, Louisiana, this 1st day of August 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**